Felipe Edmundo BLANCO–DOMIN-GUEZ, and Maria Eva Rodriguez-Vialovos Blanco, Petitioners,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.

Lazaro LOZADA–HERNANDEZ, Petitioners,

DISTRICT DIRECTOR OF the UNIT-ED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nos. 74–2725, 74–3344.

United States Court of Appeals, Ninth Circuit.

Dec. 18, 1975.

Milton T. Simmons (argued), San Francisco, Cal., for petitioner in 74–2725.

William Lew Tan (argued), Los Angeles, Cal., for petitioner in 74–3344.

Huston Carlyle, Jr., Asst. U. S. Atty. (argued), Dept. of Justice, Los Angeles, Cal., for respondent.

## OPINION

Before DUNIWAY and KENNEDY, Circuit Judges, and PALMIERI,* District Judge.

PER CURIAM:

■ These two cases, consolidated for decision, present a common question of statutory interpretation under section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254. In both, petitioners are natives and citizens of Mexico who were illegally within the United States at the time deportation proceedings were commenced. In each case, petitioners conceded their deportability but sought discretionary suspension of deportation under section 244(f)(3). The Board of Immigration Appeals affirmed the Immigration Judge's findings that none of the petitioners was eligible for this discretionary relief.

The relevant language of section 244 reads as follows:

No provision of this section [244— Suspension of Deportation] shall be applicable to an alien who . . . (3) is a native of any country contiguous to the United States . . . *Provided*, That the Attorney General may in his discretion agree to the granting of suspension of deportation to an alien specified in clause (3) of this subsection if such alien establishes to the satisfaction of the Attorney General that he is ineligible to obtain a non-quota immigrant visa.

Thus, to be eligible for this discretionary suspension of deportation, petitioners were required to show that they were ineligible for non-quota immigrant visas.

None of the petitioners argues that he falls within any of the 31 categories of ineligibility set forth in section 212(a) of the Act, 8 U.S.C. § 1182(a). Rather they urge that due to a backlog of applications they would have to wait outside the United States from two to four years before they could obtain the visas for which they are otherwise eligible and that this prospect is the functional equivalent of ineligibility for such visas within the meaning of section 244. In short, they ask us to equate "ineligibility" with "unavailability." This we cannot do without inflicting a distorted meaning upon the language of the statute. Section 212(a) of the Act delineates the boundaries of ineligibility. Section 245(a) of the Act, 8 U.S.C. § 1255(a), utilizes both "eligible" and "available" in a manner that indicates a clear differentiation between the two. To interpret "eligible" differently from section to section would read disharmony into the statute. There is no indication that Congress intended disparate uses of the term. Equating these two words does injury to their ordinary meaning since "ineligible," unlike "unavailable," denotes a disqualification that adheres to the individual petitioner.

■ Petitioner Lozada-Hernandez' further contentions are likewise without merit. Because Lozada is ineligible for suspension of deportation under section 244(f), 8 U.S.C. § 1254(f), we do not reach the question of whether his deportation would cause "extreme hardship" such as to qualify him under section 244(a), 8 U.S.C. § 1254(a). We merely note that we have refused to equate economic disadvantages caused by deportation with the statutory requirement of extreme hardship. *See, e. g., Nishikage v. I. & N.S.*, 443 F.2d 904 (9th Cir. 1971) and cases cited there. Petitioner's constitutional attack on the statute is fore-

---

* Honorable Edmund L. Palmieri, United States District Judge, Southern District of New York, sitting by designation.

**384**

closed by our decision in *Dunn v. I. & N.S.*, 499 F.2d 856 (9th Cir. 1974), *cert. denied*, 419 U.S. 1106, 95 S.Ct. 776, 42 L.Ed.2d 801 (1975). *See Harisiades v. Shaughnessy*, 324 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586 (1952).

The decisions of the Board of Immigration Appeals are affirmed.